**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, STATE OF FLORIDA**

KAREN ANN BRESKO,                                    CASE NO.:

      Plaintiff,

vs.

M&T BANK CORPORATION,                   <u>DEMAND FOR JURY TRIAL</u>

      Defendant.

_____/

## <u>COMPLAINT</u>

**COMES NOW**, Plaintiff, KAREN ANN BRESKO, by and through undersigned counsel, and hereby sues Defendant, M&T BANK CORPORATION and states as follows:

## <u>GENERAL ALLEGATIONS</u>

1.      Plaintiff is an individual residing in Pinellas County, Florida.

2.      This is an action for damages exceeding $15,000.00.

3.      Defendant is a Domestic Business Corporation as registered with NYS Department of State, Division of Corporations. <u>See:</u> Exhibit "A".

4.      Defendant is a "Creditor", as defined by the Florida Consumer Collection Practices Act ("FCCPA"), Florida Statute § 559.55(3).

5.      The debt is a consumer debt as defined by the FCCPA, Florida Statute §559.55(1), as it was incurred by Plaintiff for household purposes.

6.      It is alleged by Defendant that Plaintiff owed a debt regarding past due monies to M&T Bank for Loan No. xxx-xxx-2290.

7.      On February 16, 2012, the undersigned law firm put Defendant on notice of the firm's representation of Plaintiff in relationship to the collection of the alleged consumer debt via facsimile transmission to Defendant's Corporate Headquarters facsimile number (716) 842-5839. <u>See:</u> Exhibit "B".

8.      Defendant knowingly contacted Plaintiff, via her mobile cell phone, after Defendant had unequivocal notice that Plaintiff was represented by the undersigned counsel and could readily ascertain the undersigned's contact information. <u>See</u>:  Exhibits "B" & "C".

9.      Plaintiff's attorney did not fail to respond within a reasonable period of time to a communication from Defendant, did not consent to Defendant's direct communication with Plaintiff, and Plaintiff did not initiate the communications.

10.     On February 16, 2012, Plaintiff clearly and unequivocally revoked any and all permission of Defendant to call Plaintiff's mobile cell phone. <u>See</u>:  Exhibit "B".

11.     From February 16, 2012, and going forward, Defendant utilized automated dialing equipment, including but not limited to computer assisted dialing systems to place several calls to Plaintiff's mobile cell phone. <u>See</u>:  Exhibit "C".

12.     Plaintiff suffered harassment, frustration, increased anxiety, emotional distress, insomnia, embarrassment, intimidation and feelings of threats as a result of Defendant's collection activity.

13.     All conditions precedent have been performed or have occurred.

## COUNT I:  VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT - "FCCPA"

14.     Plaintiff incorporates all allegations in paragraphs 1-13 as if stated fully herein.

15.     Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

16.     Defendant violated Florida Statute § 559.72(18) when it knowingly communicated with Plaintiff after it knew Plaintiff was represented by counsel in relationship to collection of the alleged consumer debt and could reasonably ascertain the name and address of counsel. <u>See</u>:  Exhibits "B" & "C".

17.     Plaintiff's attorney did not fail to respond within a reasonable period of time to a communication from Defendant, did not consent to Defendant's direct communication with Plaintiff, and Plaintiff did not initiate the communications.

**WHEREFORE**, Plaintiff, KAREN ANN BRESKO, demands judgment against Defendant, M&T BANK CORPORATION, for the following relief:

a.      any actual damages sustained by Plaintiff as a result of the above allegations;

- 2 -

b.      additional damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c.      in the case of a successful action sustaining the liability of Defendant, pursuant to Florida Statute § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff;

d.      and, any other relief the court deems just and proper.

## COUNT II:  VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT - "TCPA"

18.      Plaintiff incorporates all allegations in paragraphs 1-13 as if stated fully herein.

19.      Jurisdiction is proper, pursuant to 47 U.S.C. § 227(b)(3).

20.      Defendant utilized automated dialing equipment as defined by 47 U.S.C. § 227(a)(1)(A-B) to place the unauthorized calls that Defendant made to Plaintiff's mobile cell phone, from February 16, 2012, and going forward.  **See:** Exhibit "C".

21.      Defendant independently violated 47 U.S.C. § 227(b)(1)(A) for each unauthorized call Defendant placed to Plaintiff's mobile cell phone, with automated dialing equipment.  **See:** Exhibit "C".

**WHEREFORE**, Plaintiff, KAREN ANN BRESKO, demands judgment against Defendant, M&T BANK CORPORATION, for the following relief:

a.      statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after February 16, 2012;

b.      and, any other relief the court deems just and proper.

**[THIS SECTION INTENTIONALLY LEFT BLANK – CONTINUED ON NEXT PAGE]**

## DEMAND FOR JURY TRIAL

Plaintiff, KAREN ANN BRESKO, demands a trial by jury as to all issues.

Dated this _20_ day of _MARCH_, 2013.

**Boss, Arrighi & Hoag, P.L.**

**Brian M. Hoag, Fla. Bar No.: 12339**
Service Email: **cpservice@protectyourfuture.com**
Email: bhoag@protectyourfuture.com
9800 Fourth Street North, Suite 402
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax:    (888) 503-2182
**Attorney for Plaintiff**