IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAREN ANN BRESKO,

     Plaintiff,

vs.                       CASE NO.:  8:13-cv-1243-T30-AEP

M&T BANK CORPORATION,

     Defendant.

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

COMES NOW, Plaintiff, KAREN ANN BRESKO, (hereafter "Bresko"), through undersigned counsel, hereby responds to Defendant's, M&T BANK CORPORATION, (hereafter "Defendant") Motion to Dismiss in opposition, and in support would state:

1.     On May 13, 2013, Defendant filed its Motion to Dismiss Bresko's Complaint.

2.     That Defendant seeks to dismiss Count I and II alleging that it fails to state a claim under the TCPA and FCCPA.

3.     That the two counts of Plaintiff's Complaint state a cause of action, and This Court should deny Defendant's Motion.

4.     That Bresko attaches a Memorandum of Law in support of her position.

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

## LEGAL STANDARD

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must "accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff." Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003);

Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974); Jackson v. Okaloosa County, Fla., 21 F. 3d 1531, 1534 (11th Cir. 1994).

Dismissal pursuant to Rule 12(b)(6) is warranted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint." Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp., 208 F. 3d 1308, 1310 (11th Cir. 2000). The threshold of sufficiency a complaint must meet in order to survive a motion to dismiss for failure to state a claim is "exceedingly low." Broward Garden Tenants Ass'n v. United States Envtl. Prot. Agency, 157 F. Supp. 2d 1329, 1337 (S.D. Fla. 2001). The pleading requirements set forth in Rule 8(a)(2) merely require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has further explained that a plaintiff's complaint need only "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Moreover, "the scope of the [the Court's] review is limited to the four corners of the complaint." St. George v. Pinellas County, 285 F. 3d 1334, 1337 (11th Cir. 2002); Brooks v. Blue Cross and Blue Shield of Florida, 116 F. 3d 1364, 1368 (11th Cir. 1997)(observing that 12(b)(6) motions are "limited primarily to the face of the complaint and attachments thereto").

## ARGUMENT

I.   **This Court should deny Defendant's Motion to Dismiss because the Motion is seeking the Court to review evidence outside of the four corners of the complaint.**

Defendant's Motion to Dismiss seeks This Court to infer that Plaintiff had previously given Defendant permission to contact the Plaintiff or had previously provided her cell phone number to Defendant, as part of a credit application. See Def's Motion to Dismiss. Pg 4 and 5. Plaintiff's Complaint has absolutely no allegations that she, in fact, alleged that she provided

Defendant permission to contact Plaintiff or allege that she had previously provided her cell phone number to Defendant. The party defending the TCPA claim has the burden to demonstrate the existence of prior express consent. FCC Declaratory Ruling, FCC 07-232 at 7 (Jan. 4, 2008). Placing the burden in this context, it is nearly impossible to obtain a Rule 12(b)(6) dismissal of a TCPA cell phone claim since This Court must take the allegations in the Complaint as true and matters outside the pleadings are not to be considered.

## II.    Count II states a claim of action under the TCPA.

Defendant's Motion to Dismiss the Complaint  correctly cites that the TCPA makes is unlawful:

> to make any call (other than a call made for emergency purposes or made with the *prior express consent* of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice....(iii) to any telephone number assigned to a paging service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged the call.

47 U.S.C.A.  227 (b)(1)(A)(2013)(emphasis added). Defendant's Motion to Dismiss offers that,

> The Federal Communications Commission ("FCC") has determined that prior express consent to  receive automated calls on a cell phone exists where the called party previously provided the cell phone number to a creditor—for example, as part of a credit application. *See In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rc. 559, 564 (FCC 2008)(Declaratory Ruling).

Def's Motion to Dismiss pg. 4. Defendant's Motion to Dismiss further puts forth non-binding out of state case law that suggests, "Almost all courts that have addressed the issue have accordingly held that voluntarily furnishing a cell phone number to a creditor constitutes express consent under the TCPA. *See Saunders v. NCO Fin. Sys. Inc.*, No. 12-cv-1750 BMC, 2012 WL 6644278 at *3 (E.D.N.Y. Dec. 19, 2012). Defendant's Motion to Dismiss does not identify a case from the United States District Court, Southern District of Florida, Mais v. Gulf Coast Collection Bureau, No. 11-61936-Civ-Scola (S.D.Fla. May 8, 2013), in which Florida Judge

Robert Scola, Jr. rejected the FCC's long-standing definition of express consent and is contrary to the Saunders holding above.

In Mais v. Gulf Coast Collection Bureau, plaintiff Mark Mais went to the emergency room at the Westside Regional Hospital in Broward County, Florida for treatment. His wife completed the admission paperwork and provided his cell phone number on the form. When Mais did not pay a Florida United Radiology bill of $49.03 for emergency room services, the debt was referred to Gulf Coast Collection. The collection agency made between 15 and 30 autodialed calls to Mais' cell phone. Id. at 1,2.

Mais sued under the Telephone Consumer Protection Act, which prohibits autodialed calls made to cell phones without the called party's express consent. The court granted Mais summary judgment, finding that Gulf Coast lacked prior express consent to call Mais using an autodialer. It stated that the FCC's 2008 ruling that the provision of a cell phone number to a creditor — e.g., as part of a credit application — reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt was inconsistent with the TCPA's plain language. The court applied the dictionary definitions of express and implied to reach its conclusion. It stated:

> The FCC was not in fact talking about "express consent," but is instead engraphing into the statute an additional exception for "implied consent" — one that Congress did not include. Although it may be reasonable to presume that an individual, in providing his cell phone number on a credit application, consents to be called at that number by the creditor, such consent is "implied" through the individual's conduct — that is, his act of writing down his number on the application. He has not directly, clearly, and unmistakably stated that the creditor may call him, and so he has not given "express consent." The FCC's construction is inconsistent with the statute's plain language because it impermissibly amends the TCPA to provide an exception for "prior express or implied consent." Congress could have written the statute that way but it didn't. And because it didn't, the FCC's contrary construction is not entitled to deference.

Id. at 12.

Similarly, in our case, Defendant is seeking This Court to view Plaintiff's alleged actions (which are outside the four corners of the Complaint) of providing her cell phone number, as 'prior express consent' for Defendant to contact Plaintiff. Assuming this was in fact what occurred, when viewing this in light most favorable to the Plaintiff, these actions do not rise to "express consent" and are not an exception to the TCPA. Therefore, Plaintiff states a cause of action under the TCPA.

**III.    Plaintiff clearly revoked any consent Defendant had in contacting her.**

A plaintiff could revoke prior consent to defendant under the TCPA by a written revocation. Osorio v. State Farm Bank, F.S.B., No. 11-61880-CIV, 2012 WL 1671780, at *5 (S.D.Fla. May 10, 2012). Specifically, the court stated that "while the Eleventh Circuit has never addressed this issue, a few district courts outside this circuit considered whether revocation under the TCPA must be in writing. After reviewing the decisions provided by the parties, I find the collection of cases filed by the district courts in the Western District of New York exceedingly persuasive." Id. Additional cases have held that revocation of prior consent is acceptable. See Adamcik v. Credit Control Servs. Inc., 832 F. Supp. 2d 744, 752 (W.D.Tex. 2011); Gutierrez v. Barclay's Group, No. 10cv1012 DMS (BGS), 2011 WL 579238, at *4 (S.D.Cal. Feb. 9, 2011).

In our case, Plaintiff clearly revoked Defendant's permission to call her cell phone, via a written cease and desist letter dated February 16, 2012. Since the above law supports that revocation is acceptable, This Court should deny Defendant's Motion to Dismiss.

**IV.    Count I states a cause of action because defendant communicated with plaintiff in collection of a debt.**

Defendant's Motion to Dismiss seeks to dismiss Count 1 on the basis that the alleged calls conveyed no information about a debt, and are not "communications" within the meaning

of Section 559.55(5).  Def's Motion to Dismiss pg. 7.  Plaintiff filed an affidavit in support of her

Complaint that stated in relevant part:

> 3)      On or about January 13, 2012, I retained the services of Boss, Arrighi & Hoag, P.L. (formerly known as Yesner & Boss, P.L.) to stop M&T BANK from making harassing *calls* to my mobile cell phone in *collection of a debt.*
>
> 4)      Harassing calls to my mobile cell phone from M&T BANK continued after the cease & desist notice was issued on February 16, 2012 – my contemporaneously kept call log, a true and correct copy of which is attached to this affidavit as <u>Exhibit "1"</u>.

Taking this allegation as true, This Court should view that Plaintiff filed an affidavit in support

of her Complaint that alleged the calls were communications within the meaning of Section

559.55(5), and should deny Defendant's Motion to Dismiss this Count.

WHEREFORE, Plaintiff, KAREN ANN BRESKO, respectfully requests This Court

Deny Defendant's Motion to Dismiss, and for any other relief the court deems just and proper.

## <u>CERTIFICATE OF SERVICE</u>

I, **HEREBY CERTIFY**, that on June 10, 2013, a true and correct copy of the foregoing

has been filed electronically with the Clerk of the Court using the CM/ECF system.

**Boss, Arrighi & Hoag, P.L.**

**Brian M. Hoag,** Fla. Bar No.: 12339
Service Email: **cpservice@protectyourfuture.com**
Email: bhoag@protectyourfuture.com
9800 Fourth Street North, Suite 402
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax:     (888) 503-2182
**Attorney for Plaintiff**