**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

KAREN ANN BRESKO,

    Plaintiff,

v.                                                         Case No: 8:13-cv-1243-T-30AEP

M&T BANK CORPORATION,

    Defendant.

_____

**<u>ORDER</u>**

THIS CAUSE comes before the Court upon the Defendant's Motion to Dismiss the Complaint (Dkt. #4) and Plaintiff's Response to Defendant's Motion to Dismiss (Dkt. #11). Upon review and consideration, it is the Court's conclusion that the Motion should be denied.

*Background*

Plaintiff commenced this action in state court seeking damages for alleged violations of the Florida Consumer Collection Practices Act ("FCCPA"), § 559.55, Fla. Stat. *et. seq.* (Count I) and the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227 (Count II). The Plaintiff alleged that M&T Bank Corporation ("M&T") called her mobile cell phone to make collection calls after they knew she retained an attorney to handle the collections issue and after she revoked consent to receive such collection calls on her mobile cell phone. M&T removed the action to federal court

asserting federal question jurisdiction under Count II and supplemental jurisdiction under Count I.

The complaint alleges that on February 16, 2012, Plaintiff's lawyer sent a letter to M&T that put it on notice of his representation in relation to the collection of a consumer debt. The notice also revoked any all permission M&T may have had to contact Plaintiff on her mobile cell phone. Thereafter, the M&T used automated dialling equipment to place calls to Plaintiff's mobile cell phone. Plaintiff attached an affidavit to the complaint. The affidavit attached and incorporated a call log purportedly recording calls that M&T made to Plaintiff's mobile cell phone between February 16, 2012 and November 20, 2012. These phone calls form the basis for Plaintiff's claims that M&T violated the FCCPA and TCPA. Further, the Plaintiff alleges that the calls constitute harassment and caused her frustration, anxiety, emotional distress, insomnia, embarrassment, and made her feel intimidated and threatened.

*Discussion*

I. **Standard for Motion to Dismiss**

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994)(quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *Grossman v. Nationsbank*, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (internal citations and quotations omitted). "A complaint may not be

2

dismissed pursuant to Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting Fed.R.Civ.P. 8; *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Further, exhibits are part of a pleading "for all purposes." Fed.R.Civ.P. 10(c*); see Solis-Ramirez v. U.S. Dep't of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985) (per curiam) ("Under Rule 10(c) Federal Rules of Civil Procedure, such attachments are considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion.").

## II. Defendant's Motion to Dismiss

Defendant moves to dismiss the complaint for failure to state a cause of action. Defendant argues that the purported entries on the Plaintiff's call log attached to her affidavit reflect unanswered missed calls that cannot form the basis for violation of FCCPA under Count I. Further, Defendant moves to dismiss Count II on the basis that Plaintiff could not revoke prior expressed consent to receive automated calls as a matter of law.

### a. Count I

Section 559.72(18), Florida Statutes generally provides, that, in collecting consumer debts

> no person shall . . .[c]ommunicate with a debtor if the person knows that the debtor is represented by an attorney with respect to the debt and has knowledge of, or can readily ascertain, such attorney's name and address,

unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

The FCCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." § 559.55(5). Fla. Stat. Further, the FCCPA instructs that when a person brings an action for violations of § 559.72 "due consideration and great weight shall be given to interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act [15 U.S.C.A. § 1692 et seq.]." *Id*. at § 559.77(5).

Plaintiff's allegations in her complaint are sufficient to state a cause of action under the FCCPA. Defendant argues that to the extent that Plaintiff's call log shows missed calls from M&T, those calls did not "communicate" information regarding a debt. The Defendant's arguments are unpersuasive. The Court cannot determine which calls from M&T "communicated" information about a debt at this stage in the litigation since it is a fact issue. S*ee Cerrato v. Solomon & Solomon*, 2012 WL 6621339, at *4–6 (D. Conn. Dec.18, 2012) (unanswered calls constituted "communications" under the FDCPA where the debt collector's name and telephone number appeared on caller identification display); *Dona v. Midland Credit Mgmt., Inc*., No. 10 CV 825, 2011 WL 941204, at *1 (E.D.N.Y. Feb.10, 2011) (stating that "'[c]ommunications under the [FDCPA] include telephone calls and messages left on a consumer's answering machine'").

### b. Count II

The TCPA generally makes it unlawful

> to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic

> telephone dialing system or an artificial or prerecorded voice . . . (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 U.S.C.A. § 227(b)(1)(A) (2013).

Defendant argues that since the Plaintiff alleges that she revoked consent to call her mobile cell phone, it can be implied that she previously gave express consent. Further, Defendant argues that if Plaintiff gave express consent, revocation is therefore invalid. The complaint does not attach any documents showing the circumstances under which the Plaintiff gave her mobile cell number to M&T; therefore the Court cannot evaluate whether she actually gave consent. *See Mais v. Gulf Coast Collection Bureau, Inc.,* 11-61936-CIV, 2013 WL 1899616 (S.D. Fla. 2013) (holding that patient did not provide prior express consent for defendants radiology clinic and its debt collector to use his cell phone number when his wife provided it on his hospital admission forms).

Therefore, it is ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (Dkt. #4) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 23rd day of September, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-1243 mtd order-4.docx